## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CHRISTINA GLOVER**                          *
7321 North Hillrose Place
Peoria, IL 61614                              *

    *Plaintiff,*                  *

**v.**                                        *  **Case No.:** <u> 1:25-CV-00257 </u>

**UNITED STATES OF AMERICA**                  *
    **SERVE**: Edward R. Martin, Jr.
      United States Attorney        *
      United States Attorney's Office
      For the District of Columbia  *
      601 D Street NW
      Washington, DC 20530          *

    *Defendant.*                  *

             *

**COPIES BY CERTIFIED MAIL:**                 *

**Civil Process Clerk**                       *
U.S. Attorney's Office for D.C.
601 D Street, NW                              *
Washington, DC 20530
             *

*  *  *  *  *  *  *  *  *  *  *  *  *  *

## COMPLAINT

  COMES NOW Plaintiff Christina Glover ("Plaintiff"), by and through undersigned counsel, and for her complaint against the Defendant United States of America ("Defendant" or "USA") states as follows:

## NATURE OF THE CASE

  1.  This is an action for damages arising out of personal injuries sustained by Plaintiff on August 19, 2023, when her shoe got caught on a pedestrian barrier, improperly and negligently

set up, upon information and belief, by an employee of the Department of Homeland Security. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered serious and permanent physical injuries resulting in damages which include past and future medical expenses, lost wages, and suffering.

## PARTIES

2.     Plaintiff is a natural person, a citizen of the United States, and was, at all times relevant herein, a resident of the Illinois.

3.     Defendant USA is sued for Plaintiff's injuries caused by its employees' negligent or wrongful acts and omissions caused. The employee(s) was acting within the scope of his or her employment under circumstances where the USA, if a private person, would be liable to Plaintiff in accordance with the laws of the District of Columbia – namely by negligently erecting and maintaining pedestrian barriers, creating an unsafe condition, and failing to maintain reasonably safe premises.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because it is a case arising under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-80. The FTCA also confers jurisdiction. 28 U.S.C. § 1346(b)(1).

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim all transpired in the District of Columbia, and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for loss of property and personal injury arising out of conduct of a United States employee.

6.     Plaintiff timely submitted a SF-95 claim with the United States Department of Homeland Security for damages sustained from the negligent conduct described herein. On

October 24, 2024, the Chief Counsel of the Department of Homeland Security ("DHS") issued a denial letter in response to Plaintiff's SF-95 claim. *See* Letter from DHS attached hereto as Exhibit A.

## **FACTUAL ALLEGATIONS**

7.      On August 19, 2023 at around 11:30 a.m., Plaintiff was walking near the corner of Pennsylvania Avenue Northwest and 17th Street Northwest, near the Eisenhower Executive Office Building.

8.      Plaintiff, along with her husband and friends, were walking towards the White House, past the Secret Service security post, through the metal barriers erected around the sidewalk to direct pedestrians.

9.      Suddenly, and without warning, Plaintiff's footwear caught on a poorly erected pedestrian barrier, whose foot was raised 1-2 inches above street level and sticking out into the area for pedestrians to walk.

10.     Plaintiff fell with her arms stretched out in order to break her fall, and as a result injured both arms, including fractures in both upper forearms.

11.     The pedestrian barrier is believed to have been erected and maintained by an employee with the United States Secret Service under the Department of Homeland Security.

12.     The barrier was haphazardly put together in a way so that one part was overhanging another and raised about 1-2 inches from the ground, creating a tripping hazard that was not easily visible, if at all.

13.     The dangerous and negligent construction and maintenance of this barrier made it entirely foreseeable that someone could trip on the overhang and fall, as the Plaintiff did.

14. The sole and proximate cause of the Plaintiff's injuries was the Defendant's negligent behavior in poorly erecting the pedestrian barriers and, after having installed the dangerous condition, failing to maintain reasonably safe premises.

15. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered serious injuries.

16. Plaintiff required medical treatment for her injuries and may require medical treatment in the future.

17. Since the fall, the Plaintiff can no longer lead the life she once enjoyed.

18. As a result of her injuries, Plaintiff missed time from work and lost wages.

19. Plaintiff was not herself negligent in contributing to the fall, her injuries, or damages.

### COUNT I- Negligence

20. All preceding paragraphs are incorporated by reference as though fully set forth herein.

21. At all relevant times, an unknown employee or unknown employees of DHS were acting within the scope of their employment.

22. Under the Federal Tort Claims Act, DHS is liable for any torts committed by persons acting on behalf of the United States.

23. At all relevant times herein, the employee(s) of DHS owed a duty to Plaintiff to maintain reasonably safe premises, including not dangerously erecting a pedestrian barrier and ensuring that the barrier was safely maintained.

24. The DHS employee(s), and therefore, DHS, breached this duty by erecting the barrier in an unsafe manner and failing to ensure that it was properly erected and maintained.

25.     The DHS employee(s) directly and proximately caused the Plaintiff to fall by negligently breaching the aforementioned duty of care.

26.     As a direct and proximate result of the DHS employee(s)'s negligence, Plaintiff suffered damages, including but not limited to, serious bodily and emotional injuries

27.     As a further direct and proximate result of the DHS employee(s)'s negligence, Plaintiff suffered and will continue to suffer physical pain and anguish.

28.     As a further direct and proximate result of the DHS employee(s)'s negligence, Plaintiff incurred and will continue to incur medical and other expenses.

29.     As a further direct and proximate result of the DHS employee(s)'s negligence, Plaintiff has incurred and will continue to incur lost wages.

30.     As a further direct and proximate result of the DHS employee(s)'s negligence, Plaintiff had and continues to have difficulty performing various activities.

31.     For such injuries proximately resulting from the DHS employee(s)'s foregoing negligent conduct, Defendant DHS is liable to Plaintiff for compensatory damages in an amount not less than $1,500,000.00, which amount shall be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in an amount not less than $1,500,000.00, which amount shall be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II – NEGLIGENCE *PER SE*

32.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

33. At all relevant times, Defendant, through an unknown employee(s) of DHS, had placed the pedestrian barrier and/or occupied and/or exercised dominion and control over the area where Plaintiff fell.

34. Defendant owed Plaintiff regulatory duties regarding the area where Plaintiff fell, including those regulatory duties that arose from D.C. Mun. Regs. Tit. 24.

35. D.C. Mun. Reg. 2001.4 provides that "No person shall occupy with, place, leave, or cause to be placed or left on public space, any obstruction to travel that is dangerous to life and limb, without protecting and guarding that public space." D.C. Mun. Reg. 2001.1, defines public space to include a sidewalk. D.C. Mun. Reg. 2001.5, provides that, "the protection of public space required under §2001.4 shall include the following, (a) Display of red flags or other danger signals during the time of the occupancy of the public space." (2013).

36. The aforementioned regulations are intended to promote the safety of the public and protect pedestrians, like Plaintiff, and other persons from harm when occupants are using public space. Such regulations set forth duties with which Defendant was required to comply.

37. Defendant breached those duties and were negligent per se by, inter alia, posing a danger to the public by its dangerous placement of the pedestrian barrier; by failing to maintain the pedestrian barrier in a good condition as required by the Manual on Uniform Traffic Control Devices; and by permitting an obstruction to travel that was dangerous to life and limb without protecting and guarding the sidewalk.

38. As a direct and proximate result of Defendant's negligence per se, Plaintiff has suffered substantial damages in an amount not less than $1,500,000.00, to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows: (1) compensatory damages in an amount not less than $1,500,000.00, which amount shall be proven

at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 28, 2025                    Respectfully submitted,

                                           **CHRISTINA GLVOER**

By: _____
                                           Jacob M. Lebowitz, DC Bar #483742
                                           POSEY LEBOWITZ, PLLC
                                           3221 M Street NW
                                           Washington, DC 20007
                                           (202) 524-0123 (telephone)
                                           (202) 810-9009 (facsimile)
                                           jlebowitz@poseylebowitz.com
                                           *Counsel for Plaintiff*